IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| JOHN ADAMS, and INGRID ADAMS,<br><br>*Plaintiffs,*<br><br>v.<br><br>**ALLSTATE VEHICLE AND PROPERTY CASUALTY INSURANCE COMPANY, and JOHN DOES 1-10,**<br><br>*Defendants.* | CAUSE NO. 3:24-CV-690-CWR-ASH |

## ORDER

The parties have briefed the issues before the Court across several filings. Those arguments culminated with the two motions presently before the Court: (1) the Adams' request for leave to file a second amended complaint to add Buggs Insurance, Inc., a non-diverse party, Docket No. 53; and (2) Allstate's Motion to strike or dismiss the first amended complaint, Docket No. 36. Because the factors identified by the Fifth Circuit in *Hensgens* weigh against the addition of the new, non-diverse defendant, Plaintiffs' motion is denied.

The Court then considers which parts of the first amended complaint survive. Defendant's motion, Docket No. 36, is granted in part and denied in part. To the extent Allstate's motion sought to strike claims against Buggs Insurance, it is granted. Defendant's motion is also granted with respect to Counts eight, nine, eleven, and twelve. Those claims are dismissed.

**Plaintiffs' Motion to Amend**

The procedural posture of this case is significant to the Court's ruling on Plaintiffs' motion for leave to amend. Plaintiffs first brought this case in the Circuit Court of Hinds

1

County, Mississippi. Docket No. 1-1. Plaintiffs levied their original complaint against (1) Allstate Insurance Company; (2) Allstate Property and Casualty Insurance Company; and (3) John Does 1-10. *Id.* The Allstate Defendants, who have since changed,[1] removed that action to this Court, invoking diversity jurisdiction. Docket No. 1. The Allstate Defendants then moved to dismiss the Complaint. Docket Nos. 7 and 9. Rather than respond to those motions, Plaintiffs sought leave to amend their complaint, Docket No. 15, but they failed to attach a proposed amended pleading to their motion in violation of the Local Civil Rules. *See id.* The Magistrate Judge denied Plaintiffs' request without prejudice for this reason. Text-Order dated December 12, 2024 (citing L.U. Civ. R. 7(b)(2) and 15). The Court then denied the Allstate Defendants' motions to dismiss without prejudice, noting that "a slight resetting of the table is warranted." Docket No. 25. In that Order, the Court directed the parties to confer regarding the true claims and defendants that Plaintiffs would pursue and directed Plaintiffs to file an amended complaint. *Id.* The Court was motivated, in part, by Plaintiffs' initial failure to correctly identify and/or name the Allstate Defendants.

Plaintiffs then filed their Amended Complaint, naming Buggs Insurance, a new, non-diverse Defendant. Docket No. 29. Ten days later, Plaintiffs filed a motion to remand. Docket No. 31. Buggs sought to be dismissed from the case. Docket No. 41. The Court, noting Plaintiffs' failure to seek leave to add a non-diverse party, granted that dismissal and denied remand, concluding that, although resetting the table was warranted, the Court had not granted Plaintiffs permission to destroy subject matter jurisdiction. Docket No. 49. Plaintiffs

---

[1] Allstate Insurance Company was dismissed without prejudice upon the joint motion of the parties, Docket No. 26, and Allstate Vehicle and Property Casualty Insurance Company was substituted as the defendant for Allstate Property and Casualty Insurance Company through an Agreed Order. Docket No. 4.

then filed the present motion, seeking leave to amend their complaint "to add a non-diverse party as a Defendant." Docket No. 53. Plaintiffs again failed to attach a proposed amended pleading to their motion, in violation of the Local Civil Rules. L.U. Civ. R. 7(b)(2) ("If leave of court is required under Fed. R. Civ. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading."); L.U. Civ. R. 15 (same).

"The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In the *Hensgens* decision, the Fifth Circuit provided four factors courts are to consider. *Id.* They are (1) whether and to what extent the plaintiff seeks to destroy federal jurisdiction through the amendment, (2) "whether plaintiff has been dilatory in asking for amendment," (3) whether plaintiff will be prejudiced if leave to amend is denied, and (4) "any other factors bearing on the equities." *Id.* Courts balance these factors to reach a ruling on the proposed amendment. *Id.; see also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (affirming use of the *Hensgens* standard in denying leave to join non-diverse defendants).

Given Plaintiffs' failure to attach a proposed amended complaint to their motion, the Court lacks the benefit of reviewing any proposed amendment. However, the text of Plaintiff's motion and the procedural history of this case provides the Court sufficient information to balance the *Hensgens* factors.

First, the Plaintiffs seek this amendment for the explicit purpose of destroying diversity. They ask permission "to add a non-diverse party as a Defendant." Docket No. 53. Their prior attempt to add Buggs Insurance further illuminates Plaintiffs' present intent. Merely ten days after filing their Amended Complaint, naming this new, non-diverse

Defendant, Plaintiffs filed a motion to remand. Docket Nos. 29 and 31. This indicates that the purpose of adding Buggs Insurance was to defeat subject matter jurisdiction. *Dawson v. Manhattan Nursing & Rehab. Ctr., LLC*, No. 3:23-CV-388-DPJ-FKB, 2023 WL 11113880, at *2 (S.D. Miss. Dec. 7, 2023) ("[M]oving to amend coupled with a motion to remand indicates that the purpose of the amendment was to defeat federal jurisdiction.") (cleaned up). The request for remand was entirely based on the addition of Buggs Insurance to the case, which further indicates that the purpose the amendment was to destroy jurisdiction. *Parker v. Citimortgage, Inc.*, No. 2:14-CV-173-KS-MTP, 2015 WL 2405168, at *4 (S.D. Miss. May 20, 2015) (noting that new nondiverse defendant was "linchpin to Plaintiffs' remand request" and concluding that this "strongly suggests that the purpose of [the] attempted joinder is to defeat jurisdiction") (cleaned up).

"Another issue often considered under this *Hensgens* factor is 'whether the plaintiff knew or should have known of the identity of the non-diverse defendant when the original complaint was filed.'" *Dawson*, 2023 WL 11113880, at *2 (quoting *Parker*, 2015 WL 2405168, at *3). Plaintiffs either knew or should have known the identity of Buggs Insurance at the time they filed their original complaint. They explained that they "realized that Buggs Insurance may be liable to Plaintiffs" by "carefully reviewing the applicable policy[.]" Docket No. 54 at 4. Plaintiffs attached a copy of this policy to their original complaint. Docket 1-1. They knew or should have known the identity of Buggs Insurance at the time they filed their original complaint. *See, e.g.*, Docket 1-1 at 18 (listing Buggs Insurance as Allstate agent). This also strongly suggests that the purpose of amending the complaint to add Buggs Insurance is to defeat jurisdiction. *Parker*, 2015 WL 2405168, at *3 ("If the plaintiff knew about the non-diverse party when he filed suit but omitted 'that party as an original defendant, courts have

4

viewed any later attempt to add the nondiverse party as a defendant as nothing more than an attempt to destroy diversity.'") (cleaned up) (quoting *Wein v. Liberty Lloyds of Tex. Ins. Co.*, No. 15-CA-19, 2015 WL 1275915, at *5 (W.D. Tex. Mar. 19, 2015)). Weighing this evidence together, the Court concludes that the purpose of seeking leave to amend is to defeat jurisdiction, which weighs in favor of denying the motion.

The second factor—determining how dilatory Plaintiffs were in seeking to add the non-diverse party—weighs slightly in favor of denying the amendment. While Plaintiffs are, of course, allowed to identify new defendants through discovery, that is not what happened here. As discussed, the identity of Buggs Insurance was available to Plaintiffs in their policy, prior to the filing of their original complaint.[2] That Plaintiffs did not include Buggs in the original complaint and only sought to add them months later evinces that Plaintiffs have been dilatory to some extent. *See Montgomery v. First Family Financial Services, Inc.*, 239 F. Supp. 2d 600, 606 (S.D. Miss. 2002) (denying plaintiffs' motion to amend in part because the identity of the party sought to be joined was known to plaintiffs' "since [the] suit was commenced").

As to whether Plaintiffs will be prejudiced by the denial of their requested amendment, the Court finds that some prejudice is likely. Plaintiffs will be forced to pursue any claims against Buggs Insurance in separate litigation in a separate court. The standard under *Hensgens* though is "significant[] injury[]," and not mere prejudice. 833 F.2d at 1182. Courts have found that the mere incurrence of additional expense due to the need to pursue parallel litigation "does not constitute significant prejudice." *See Martinez v. Holzknecht*, 701

---

[2] It is also undisputed that Buggs Insurance sold Plaintiffs the policy at issue. Docket No. 41 at 1 (identifying Buggs as Plaintiffs' insurance agent); Docket No. 45 at 1 (identifying Buggs as Plaintiffs' "agent who sold them the homeowner's insurance policy whose coverage is at issue in this suit").

5

F. Supp. 2d 886, 892 (S.D. Tex. 2010). Thus, the third *Hensgens* factor weighs slightly against amendment.

Finally, the fourth *Hensgens* factor also weighs in favor of denying Plaintiffs' request. There are two other factors that bear on the equities of the present motion. First, this is Plaintiffs' second attempt to join Buggs Insurance. After having been once denied, they again request joinder without asserting any new facts or legal arguments. This fact must count against Plaintiffs. Second, Allstate has an interest in maintaining access to their chosen forum. *Hensgens*, 833 F.2d at 1182 ("[T]he addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum."). The Allstate Defendants properly removed this case and, given that Plaintiffs have not satisfied any of the *Hensgens* factors, Defendant's interest in litigating in their chosen forum is due significant respect.

On balance, the *Hensgens* factors weigh heavily in favor of denying Plaintiffs' amendment. Plaintiffs' motion, Docket No. 53, is denied.

## Defendant's Motion to Strike or Dismiss

Allstate moved to strike or dismiss the first amended complaint. Docket No. 36. As noted, Plaintiffs levied claims against Buggs Insurance in their first amended complaint, without first seeking leave to add a diversity-destroying defendant. To the extent Allstate's motion sought to strike those claims against Buggs Insurance, it is granted.

The Court now considers which of the remaining claims in that complaint survive Allstate's motion to dismiss.[3]

---

[3] Plaintiffs never filed a response to the substance of Allstate's motion to dismiss. *See generally* Docket No. 44 (requesting that the Court "deny the Motion to Dismiss or, at most, stay it until a ruling on the Motion

To survive a motion to dismiss, "a complaint need not contain 'detailed factual allegations'; rather, it need only allege facts sufficient to 'state a claim for relief that is plausible on its face.'" *Littell v. Hou. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

The first amended complaint includes ten counts, numbered as follows:[4] (1) Claim for policy benefits; (2) Bad faith failure to pay benefits, denial of claims, delay, and investigation; (3) Bad faith adjusting and gross negligence, "reckless disregard for Plaintiffs' rights"; (4) Breach of contract; (5) Tortious breach of contract; (6) Breach of covenant of good faith and fair dealing; (8) Waiver; (9) Estoppel; (11) "MS Unfair Claim Practices Act"; and (12) Negligence. The Court considers each count in turn.

Allstate has not challenged count one. It survives.

Counts two and three assert bad faith claims. "In order to prevail in a bad faith claim against an insurer, the plaintiff must show that the insurer lacked an arguable or legitimate basis for denying the claim, or that the insurer committed a willful or malicious wrong, or

---

to Remand is made so that, at the appropriate time, they may respond to the Motion to Dismiss if and when this Court does retain jurisdiction").

[4] Plaintiffs did not include a count seven or count ten. For clarity, the Court uses the count numbers Plaintiffs assigned to their claims.

acted with gross and reckless disregard for the insured's rights." *Estate of Greenwood v. Montpelier US Ins. Co.*, 326 So. 3d 459, 464 (Miss. 2021) (quotation marks and citation omitted). "[T]he plaintiff's burden in proving a claim for bad faith refusal goes beyond proving mere negligence in performing the investigation. The level of negligence in conducting the investigation must be such that a proper investigation by the insurer would easily adduce evidence showing its defenses to be without merit." *Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 534 (Miss. 2003) (quotation marks and citation omitted).

Plaintiffs pleaded that Allstate's inspector estimated the damage to Plaintiffs' property in an amount ten-times lower than the estimate reached by a public adjuster. Viewing those allegations in the light most favorable to the Plaintiffs, which the Court must do at this stage, *e.g.*, *Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 318 (5th Cir. 2009), it is plausible that "a proper investigation by the insurer would easily adduce evidence showing its defenses to be without merit." 862 So. 2d at 534. Plaintiffs pleaded enough for these claims to survive a motion to dismiss.

Allstate has not challenged count four. It survives.

Count five asserts a claim for tortious breach of contract. "A tortious breach of contract is a breach of contract coupled with 'some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort.'" *Robinson v. S. Farm Bureau Cas. Co.*, 915 So. 2d 516, 520 (Miss. Ct. App. 2005) (quoting *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 66 (Miss. 2004)). As discussed *supra*, the allegations concerning the ten-fold difference in estimates could plausibly support the existence of negligence so gross as to constitute an independent tort. This claim survives.

Count six asserts a claim for breach of the covenant of good faith and fair dealing. "The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." *Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 987 (Miss. 2004) (quotation marks and citations omitted). The allegations concerning the ten-fold difference in estimates could plausibly support conduct that violates the standards of fairness or reasonableness. This claim too survives.

Count eight purports to assert a claim for "waiver." Waiver is not an independent cause of action, and Plaintiffs have not clarified this count as asserting a separate, existing cause of action. This claim is dismissed.

Count nine purports to assert a claim for "estoppel." This count does not appear to state an independent cause of action, *e.g.*, promissory estoppel. Plaintiffs have not clarified this count as asserting a separate, existing cause of action. This claim is dismissed.

Count eleven purports to assert a claim for violation of the "MS Unfair Claim Practices Act." Docket No. 29 at 11. This Act does not appear to exist. Plaintiffs cite only a footnote from a Mississippi Supreme Court case discussing the Model Unfair Claims Settlement Practices Act. Here again, Plaintiffs have not clarified this count as asserting a separate, existing cause of action. This claim is dismissed.

Count twelve was levied solely against Buggs Insurance. It is dismissed.

Accordingly, Defendant's motion to strike or dismiss the first amended complaint, Docket No. 36, is granted in part and denied in part. The Court fully expects the remaining claims will be tested at the close of discovery. *See Mills v. Trustmark Nat'l Bank*, No. 3:19-CV-941-CWR-FKB, 2021 WL 785328, at *4 (S.D. Miss. March 1, 2021).

**SO ORDERED**, this the 12th day of January 2026.

                                           s/ Carlton W. Reeves
                                           UNITED STATES DISTRICT JUDGE